UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

PATTI MARINE ENTERPRISES, INC.,

    Plaintiff,                          CASE NO: 3:15-CV-00293-MCR-CJK

vs.

MORAN TOWING CORPORATION,

    Defendant.
_____/

## DEFENDANT MORAN TOWING CORPORATION'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

The Defendant, MORAN TOWING CORPORATION ("MORAN"), by and through its undersigned attorneys, answers Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted that Moran has its principal place of business in New Canaan, Connecticut, otherwise denied.

3. Admitted for jurisdictional purposes only.

4. Admitted.

5. Admitted.

6. Denied.

7. (Paragraph of Complaint not numbered) Denied.

8. Denied.

9. To the extent any response is necessary, denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff breached the terms of the Contract, thereby relieving Defendant of any further obligation to perform.

## SECOND AFFIRMATIVE DEFENSE

Under the plain language of the contract Plaintiff was required to deliver the vessel to Defendant no later than February 1, 2015. Plaintiff admits in its Complaint the vessel was not delivered until June 26, 2015, which triggers the liquidated damages article of the Contract in favor of the Defendant. Defendant is entitled to a set-off for damages as a result of Plaintiff's failure to timely perform under the Contract accordingly.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based upon the absence of consideration for any alleged oral agreement or change order.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for revision to the contract based on any change orders are barred under the express terms of the Contract.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff waived its claim to any additional amount due when Plaintiff delivered the vessel beyond the due date.

## EIGHTH AFFIRMATIVE DEFENSE

The law applicable to this dispute is the general maritime law of the United States and the laws of the State of New York pursuant to contractual agreement.

## COUNTERCLAIM

The Defendant, MORAN TOWING CORPORATION, by and through its undersigned counsel counterclaims against Plaintiff, PATTI MARINE ENTERPRISES, INC. ("PATTI") and alleges:

1. On or about September 16, 2013, PATTI and MORAN entered into a written contract (the "Contract") for construction of a 121' ATB Tugboat.

2. Under the terms of the Contract, PATTI was required to deliver the fully completed vessel to MORAN no later than February 1, 2015.

3. PATTI breached the Contract by failing to deliver the vessel timely. PATTI provided the vessel to MORAN on June 26, 2015, 145 days beyond the due date.

4. Pursuant to the terms of the Contract, (Article 4), "Time is of the essence in the performance of this Contract."

5. Pursuant to the terms of the Contract, MORAN is entitled to damages in the amount of $4,000.00 per day ("Late Delivery Payment") from February 16, 2015 until March 31, 2015, or $176,000.00.

6. Additionally pursuant to the terms of the Contract, MORAN is entitled to damages in the amount of $8,000.00 per day from April 1, 2015 until the delivery date of June 26, 2015, or $680,000, for total damages due MORAN in the amount of $856,000.00.

7. As a result of PATTI's breach of contract, MORAN has suffered damages as set forth herein.

WHEREFORE, MORAN demands judgment against PATTI, together with pre-judgment interest, and costs.

RESPECTFULLY SUBMITTED this 3rd day of August, 2015.

/s/C. Ryan Eslinger
C. Ryan Eslinger
Florida Bar No. 0634859
reslinger@miltonleach.com
James L. D'Andrea
Florida Bar No. 932401
jdandrea@miltonleach.com
MILTON, LEACH, WHITMAN,
 D'ANDREA & ESLINGER, P.A.
815 South Main Street, Suite 200
Jacksonville, Florida 32207
Telephone: (904) 346-3800
Facsimile: (904) 346-3692
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2015 I uploaded the foregoing to the Clerk of the United States District Court for filing via the CM/ECF system, and that a true and correct copy of the foregoing has been furnished via electronic service to all CM/ECF system participants.

/s/C. Ryan Eslinger
Attorney