# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

PATTI MARINE ENTERPRISES, INC.,

    Plaintiff/Counter Defendant,        CASE NO: 3:15-CV-00293-RV-CJK

vs.

MORAN TOWING CORPORATION,

    Defendant/Counter Claimant.
_____/

## DEFENDANT MORAN TOWING CORPORATION'S NOTICE OF FILING PROPOSED VERDICT FORM

    The Defendant, Moran Towing Corporation, through undersigned counsel, gives notice of filing Defendant's Proposed Verdict Form.

RESPECTFULLY SUBMITTED this 23rd day of November, 2016.

                      _/s/James L. D'Andrea_____
                      C. Ryan Eslinger, B.C.S.
                      Florida Bar No. 0634859
                      reslinger@miltonleach.com
                      James L. D'Andrea
                      Florida Bar No. 932401
                      jdandrea@miltonleach.com
                      MILTON, LEACH, WHITMAN,
                       D'ANDREA & ESLINGER, P.A.
                      3127 Atlantic Boulevard
                      Jacksonville, Florida  32207
                      Telephone: (904) 346-3800
                      Facsimile:   (904) 346-3692
                      *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 23, 2016 I uploaded the foregoing to the Clerk of the United States District Court for filing via the CM/ECF system, and that a true and correct copy of the foregoing has been furnished via electronic service to all CM/ECF system participants.

                                                                                    /s/James L. D'Andrea_____
                                                                                    Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATTI MARINE ENTERPRISES, INC.,

    Plaintiff/Counter Defendant,        CASE NO: 3:15-CV-00293-RV-CJK

vs.

MORAN TOWING CORPORATION,

    Defendant/Counter Claimant.
_____/

## VERDICT

We, the jury, return the following verdict:

    1.    Did Patti do all, or substantially all of the essential things which the contract between Moran and Patti required it to do, or was Patti excused from doing those things?

        YES ____    NO ____

*(Please answer question 2)*

    2.    Did Moran do all, or substantially all of the essential things which the contract between Patti and Moran required it to do, or was Moran excused from doing those things?

        YES ____    NO ____

*(Please answer question 3.)*

3. Did Patti fail to do something essential which the contract required it do to, or did Patti fail to do something that the contract prohibited it from doing and that prohibition was essential to the contract?

YES \_\_\_\_   NO \_\_\_\_

(*Please answer question 4.*)

4. Did Moran fail to do something essential which the contract required it do to, or did Moran fail to do something that the contract prohibited it from doing and that prohibition was essential to the contract?

YES \_\_\_\_   NO \_\_\_\_

*If the answer to question 1 is YES and 3 is NO, please answer questions 5, 6 and 7.*

*If the answer to question 2 is YES and 3 is NO, please answer question 8.*

*If the answer to question 1 is NO or 3 is YES, please skip questions 5, 6 and 7.*

*If the Answer to question 2 is NO or 4 is YES, please skip question 8.*

5. Did Patti waive its right under the contract, to collect any portion of its damages?

YES \_\_\_\_   NO \_\_\_\_

*If you answered question 5, please answer question 6.*

6. Is Patti barred, in whole or in part, from claiming any portion of its damages as a result of accord and satisfaction?

YES \_\_\_\_   NO \_\_\_\_

*Please answer question 7.*

7. What sum of money do you find from a greater weight of the evidence to be the total amount of the Patti's damages resulting from Moran's breach of contract?

Total Damages $_____

8. What sum of money do you find from a greater weight of the evidence to be the total amount of the Moran's damages resulting from Patti's breach of contract?

Total Damages $_____

SO SAY WE ALL this day of ___ day of _____, 2017.

_____
Foreperson